IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHANNON DAVID WARRIX,

      **Plaintiff,**

v.                                                        Case No. 3:18-cv-00253

WESTERN REGIONAL JAIL,

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action be removed from the docket of the Court.

I.     **Relevant History**

On February 2, 2018, Plaintiff filed the complaint herein, alleging that he received a sleeping mat at the Western Regional Jail that was soiled with human excrement. Plaintiff seeks money damages from the defendant for mental distress.

On February 8, 2018, the undersigned entered an Order instructing Plaintiff to pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs.

1

(ECF No. 4). Plaintiff was also advised that his complaint failed to state a compensable claim for various reasons that were explained in the Order. Plaintiff was given forty-five days to file an amended complaint, curing the deficiencies in the pleading. (*Id.* at 6-7). Plaintiff was notified that his failure to pay the fee or submit the *in forma pauperis* application, as well as amend the complaint, could result in a dismissal of his complaint for failure to prosecute or for failure to state a claim. (*Id.*). Plaintiff was reminded of his obligation to promptly alert the Clerk of Court to any change in his contact information. (*Id.* at 7). According to the docket, Plaintiff received this Order.

On March 29, 2018, the undersigned issued a Show Cause Order, noting that Plaintiff had failed to comply with the prior Order and giving Plaintiff an additional thirty days to do so. (ECF No. 5). More than thirty days have elapsed since the second Order was entered; however, Plaintiff has never responded to any of the Court's directives. According to the docket, Plaintiff did not receive the second Order, because he is no longer incarcerated at the Western Regional Jail and left no forwarding address. Moreover, Plaintiff failed to notify the Clerk of a change in his contact information when he left the Jail. A search of the inmate locator databases of both the West Virginia Regional Jail and Correctional Facility Authority and the West Virginia Division of Corrections indicates that Plaintiff is no longer detained in any West Virginia jail or correctional facility.

## II.    Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of

Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. [1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

dismissal is warranted. A review of the docket demonstrates that Plaintiff received the Order notifying him of his obligation to amend the complaint and either pay the filing fee or submit an *in forma pauperis* application; yet, he failed to abide by those directives. Since filing the complaint, Plaintiff has made no effort to check on the status of this case, nor has he notified the Court that he wishes to voluntarily dismiss the action. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for ninety days without any action by or communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff entirely disregarded the first court order and failed to provide a forwarding address, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Nonetheless, given that the statute of limitations may not yet have expired on Plaintiff's claim, the undersigned recommends that the dismissal be without prejudice.

III.    **Proposal and Recommendation**

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  May 3, 2018

Cheryl A. Eifert
United States Magistrate Judge

5